UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES E STEWARD, <br><br> Plaintiff, <br><br> v. <br><br> FIRST MAGNUS FINANCIAL CORP., et. al, <br><br> Defendants. | CASE NO. C12-737 MJP <br><br> ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This comes before the Court on Plaintiff's motion for temporary restraining order ("TRO"). (Dkt. No. 1, Ex. 3.) Having reviewed the motion, the complaint, and all related filings, the Court DENIES Plaintiff's motion.

**Background**

Plaintiff James Steward ("Steward") is a pro se litigant seeking to restrain Defendants from completing an unlawful detainer action.

On April 26, 2012, Steward filed this action against Defendants First Magnus Financial Corporation ("FMFC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Deutsche

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER- 1

Bank National Trust Company ("Deutsche"), Aurora Loan Services, LLC ("ALS") and Quality Loan Services, Inc. ("QLS"). Steward alleges Defendants wrongfully foreclosed on his property in Des Moines, Washington and states, he is "a victim of the mortgage lending mess." (Compl. at 4.) In March 2007, Steward obtained a home loan in March 2007 and executed a Deed of Trust with FMFC. While it is not clear from the Complaint, the property appears to have been foreclosed upon a couple years later.

Steward alleges MERS lacked standing to foreclose on his property and FMFC's later Assignment of the Deed of Trust in August 2009 was invalid. Steward does not allege that he is not in default on the mortgage on the property to be foreclosed. Steward alleges that Defendants are liable for infliction of emotional distress, slander of title, breach of fiduciary duty, and that Defendants' conduct violates the Washington Deed of Trust Act, RCW 61.24 et. seq., the Washington Consumer Protection Act ("CPA"), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. (See generally Mot.)

**Analysis**

A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008) (rejecting the Ninth Circuit's approval of an injunction when plaintiffs only demonstrated the "possibility" of irreparable harm); see also Alliance for Wild Rockies v. Cottrell, ___ F.3d ___, No. 09-35756,

1  2010 WL 2926463, at *3-5 (9th Cir. Jul. 28, 2010) (holding the Ninth Circuit's "sliding scale"
2  approach continued to be valid after Winter).

3  Non-judicial foreclosures in Washington are governed by the Deed of Trust Act
4  ("DTA"), chapter 61.24 RCW. Cox v. Helenius, 693 P.2d 683, 685 (Wash.1985); see also
5  Yawter v. Quality Loan Serv. Corp. of Wash., 707 F.Supp.2d 1115, 1121–22 (W.D.Wash. 2010)
6  (explaining the operation of the DTA). The procedure set forth in RCW 61.24.130 for restraining
7  a trustee's sale initiated pursuant to the DTA is "the only means by which a grantor may preclude
8  a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." Cox, 693
9  P.2d at 686. Specifically, under RCW 61.24.130(1), a court must "require as a condition the
10 granting of a restraining order or injunction that the applicant pay to the clerk of the court the
11 sums that would be due on the obligation secured by the deed of trust if the deed of trust was not
12 being foreclosed." In addition, RCW 61.24.130(2) provides that, "No court may grant a
13 restraining order or injunction to restrain a trustee's sale unless the person seeking the restraint
14 gives five days notice to the trustee of the time when, place where, and the judge before whom
15 the application for the restraining order or injunction is to be made. This notice shall include
16 copies of all pleadings and related documents to be given to the judge. No judge may act upon
17 such application unless it is accompanied by proof, evidenced by return of a sheriff, the sheriff's
18 deputy, or by any person eighteen years of age or over who is competent to be a witness, that the
19 notice has been served on the trustee." RCW 61.24.130(2).

20 Here, the Court finds Steward's motion for a TRO fails. First, the Court finds nothing in
21 Steward's complaint or motion to suggest a foreclosure is imminent. In fact, based on the
22 Complaint, the foreclosure already occurred. Steward attached a Notice of Trustee Sale listing
23 January 2009 as the Trustee Sale. Second, there is no likelihood of success on the merits as
24

ORDER DENYING MOTION FOR TEMPORARY
RESTRAINING ORDER- 3

required to support a temporary restraining order. See Winter, 129 S.Ct. at 374; Alliance for the Wild Rockies, 632 F.3d at 1134–35. Steward has not filed any proof that he complied with the DTA by giving five days notice of his motion to the trustee as required by RCW 61.24.130(2). Steward's failure to do so is fatal to his claim for an injunction because, as the Washington Supreme Court has made clear, the DTA provides the only means by which one can seek to enjoin a trustee's sale. Cox, 693 P.2d at 686.

Even if Washington law did not require compliance with the DTA in order to enjoin a trustee's sale, Steward nevertheless has not established a likelihood of success or serious questions going to the merits of his federal claims that would support the issuance of a temporary restraining order. Notably, neither FDCPA nor RESPA provide the relief Steward seeks. The FDCPA provides only for the award of monetary damages and does not provide for injunctive relief. 15 U.S.C. § 1692k. Similarly, RESPA provides only for monetary relief for violations of its notice requirements. 12 U.S.C. § 2605(f). Thus, even if Steward could establish a likelihood of success on an FDCPA claim or a RESPA claim, an injunction of the trustee's sale is not an appropriate remedy.

Finally, Steward has not provided the court with a sufficient factual basis to support the issuance of a temporary restraining order. Steward does not attach copies of the Notice of Default or other documentation associated with the alleged foreclosure. Absent proof of the factual basis for his claims, Steward cannot meet his burden to establish that he is entitled to a temporary restraining order. See Winter, 129 S.Ct. at 374.

**Conclusion**

Since the Court finds Plaintiff is not likely to succeed on the merits and no danger of irreparable harm, Plaintiff's motion for a temporary restraining order is DENIED.

1  The clerk is ordered to provide copies of this order to all counsel.

2  Dated this 27th day of April, 2012.

*[signature]*

Marsha J. Pechman
United States District Judge